UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN G. ESCANDON,<br>Plaintiff,<br>v.<br>J. EVANS, et al.,<br>Defendants. | No. 1:26-cv-00752-JLT-SAB (PC)<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br>(ECF No. 17) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 17, 2026. (ECF No. 17)

**I.**

**SCREENING ORDER**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On July 7, 2025, during an incident in which Plaintiff was defending himself as he was not the aggressor, Defendant officer J. Evans did not act in good faith when he shot Plaintiff because of his "lack of awareness." Plaintiff was the victim and had to defend himself.

During the assault, Plaintiff's religious chain was ripped off, and he observed sergeant Valero recover the chain and give it to sergeant Grimsley. After being searched in the program officer, Grimsley returned Plaintiff's cross without the chain. Grimsley stated "he left religious

chain inside of my hat in the front of the program office. Grimsley later said someone took his religious chain.

## III.

## DISCUSSION

### A. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Here, Plaintiff contends that officer J. Evans did not act in good faith when he shot Plaintiff during the altercation on July 7, 2025. However, Plaintiff fails to show that officer

Evans's shot was not a good-faith effort to maintain or restore discipline, i.e., either (1) the confrontation was contained and no further use of force was needed, or (2) Plaintiff was clearly separate from the other inmate and not involved in the assault and there was no need to subdue him. Indeed, Plaintiff states that officer Evans was not aware of whether he was the aggressor. (ECF No. 17 at 2.) Thus, Plaintiff's facts indicate the force was used "to maintain or restore discipline" in the middle of an alleged fight. As with the original complaint, there are no facts that indicate officer Evans's used the force against Plaintiff "maliciously and sadistically to cause harm." Accordingly, based on the facts presented in the first amended complaint, Plaintiff fails to state a cognizable claim for excessive force.

**B. Loss of Property**

As with the prior complaint, Plaintiff seeks to be compensated for the value of his chain. However, the negligent or intentional but unauthorized deprivation of property by a person acting under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful state post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 129-32 (1990). Thus, where a state provides adequate post-deprivation remedies for random, unauthorized deprivations of liberty or property, a Section 1983 cause of action will not exist. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); see also Willoughby v. Luster, 717 F. Supp. 1439, 1443 (D. Nev. 1989) ("[W]here a state provides adequate post-deprivation remedies for the intentional or negligent deprivation of property, a § 1983 claim alleging a violation of due process of law will not lie."). "[B]y providing the plaintiff with adequate means for seeking redress of his loss, the state has provided 'due process of law.' " Willoughby, 717 F. Supp. at 1443 (citations omitted). The Ninth Circuit has expressly held that California provides an adequate post-deprivation state remedy for the unauthorized taking of property through the California Government Claims Act, thus barring a Section 1983 due process challenge. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895); see also Stribling v. Wilson, 770 F. App 829, 830 (9th Cir. 2019).

///

As adequate state law procedures existed to address the alleged loss, Plaintiff cannot state a due process claim against Defendant Williams. See Roberts v. Lynch, No. 2:20-cv-01349 WBS DB P, 2022 WL 196531, at *4 (E.D. Cal. Jan. 21, 2022) (plaintiff failed to state a due process claim based on the allegation that funds were taken from his prison trust account); Jordan v. Diaz, No. 5:20-cv-00574-MWF-JC, 2020 WL 5167738, at *9 (C.D. Cal. Apr. 25, 2020) (finding plaintiff failed to state a viable due process claim based on the deduction of a fee from his prison trust account because plaintiff had adequate post-deprivation remedy under California law). Accordingly, Plaintiff cannot proceed with a claim to obtain the value of his chain.

**C. Further Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, a district court may deny leave to amend for "repeated failure to cure deficiencies by amendments previously allowed[.]" Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008); see also In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097–98 (9th Cir. 2002) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotations and citation omitted).

Because Plaintiff's first amended complaint is deficient for essentially the same reasons as those articulated in the Court's prior screening order, and because Plaintiff has failed to remedy the deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief). Despite being advised of the factual and/or legal deficiencies, Plaintiff's first amended complaint fails to state a claim and further leave to amend would be futile.

///

///

///

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 25, 2026**

STANLEY A. BOONE
United States Magistrate Judge